# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3049

_____

American Dairy Queen Corporation

*Plaintiff - Appellee*

v.

Guy A. Blume

*Defendant - Appellant*

Blume Investments, LLC; Royal Professional Solutions, LLC

*Defendant*s

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: April 16, 2014
Filed: April 24, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Guy Blume appeals from the final judgment entered by the district court[1] in this action brought by American Dairy Queen Corporation. He challenges the default judgment entered against him, the denial of his requests to transfer venue, and the dismissal of his counterclaims.[2] Upon careful review, we conclude that the district court did not abuse its discretion in entering the default judgment or in dismissing Blume's counterclaims as sanctions under Federal Rule of Civil Procedure 37. See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004) (standard of review; default judgment may be upheld if within range of acceptable sanctions); Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1211-14 (8th Cir. 1973) (with-prejudice dismissal of counterclaims as Rule 37 sanction did not constitute abuse of discretion). We also conclude that the district court did not abuse its discretion in declining to transfer venue. See In re Apple, Inc., 602 F.3d 909, 912-13 (8th Cir. 2010) (per curiam) (standard of review; courts give considerable deference to plaintiff's choice of forum, and thus party seeking transfer under 28 U.S.C. § 1404(a) typically bears burden of proving transfer is warranted).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

[2]Blume has not addressed the amount of the judgment in his arguments on appeal. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 634 (8th Cir. 2007) (points not meaningfully argued in opening brief are waived).